# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| DOROTHY SMITH,<br><br>        Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>        Defendant. | Case No. CV 12-05278 (SH)<br><br>MEMORANDUM DECISION<br>AND ORDER |

      This matter is before the Court for review of the decision by the Commissioner of Social Security denying plaintiff's applications for Disability Insurance Benefits and for Supplemental Security Income. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The plaintiff and the defendant have filed their pleadings (Plaintiff's Brief; Defendant's Brief With Points and Authorities in

Opposition to Plaintiff's Complaint ("Opposition")), and the defendant has filed the certified transcript of record. After reviewing the matter, the Court concludes that the decision of the Commissioner should be affirmed.

In February 24, 2010, plaintiff Dorothy Smith filed applications for a period of disability, Disability Insurance Benefits and for Supplemental Security Income, alleging an inability to work since 2008. (See Administrative Record ["AR"] 70-72). On March 3, 2011 (following a hearing on February 24, 2011), an Administrative Law Judge ("ALJ") issued a decision. The ALJ found that plaintiff was not disabled within the meaning of the Social Security Act because plaintiff had the Residual Functional Capacity ("RFC")[1] to perform all of her past relevant work, except for some responsibilities as a commercial cleaner. (See AR 12-20).

Following the Appeals Council's denial of plaintiff's request for a review of the hearing decision (see AR 1-4), plaintiff filed an action in this Court.

Plaintiff alleges the ALJ erred by improperly considering her testimony about the severity of her pain.

## DISCUSSION

Plaintiff testified at the hearing that she experienced pain on the left side of her neck, her left wrist, hand and arm, and her right side of her hip down to her right foot. (AR 33). Plaintiff contends that the ALJ did not engage in the required second step of the two step excess pain analysis for plaintiff's symptoms when determining plaintiff's RFC. She argues that the ALJ did not articulate clear and convincing reasons for rejecting her testimony, and that rejecting testimony solely because it lacks objective medical support

---

[1] A RFC is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. § 404.1545(a)(1).

is legally insufficient. Defendant asserts that the ALJ properly determined plaintiff's credibility based on several permissible factors.

Based on a review of the medical records, the ALJ determined that although plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, plaintiff's statements about the intensity, persistence, and limiting effects of the symptoms were not credible to the extent they were inconsistent with the RFC. (AR 18). To support his findings, the ALJ cited to a medical examiner's report stating that plaintiff showed "poor effort", and the minimal evidence of medical treatment for plaintiff's alleged symptoms. He also referenced two separate medical reports in determining plaintiff's RFC, which he concluded was at the medium exertional level. (AR 18-19).

In determining whether a claimant's testimony regarding subjective pain or symptoms is credible, the ALJ can reject the claimant's testimony only by offering clear and convincing reasons for doing so. Lingenfelter v. Astrue, 504 F.3d 1028, 1036 (9th Cir. 2007). Here, the ALJ properly found that plaintiff's testimony was not entirely credible based on specific reasons (see AR 16 ["These findings are supported by the treating medical evidence of record, which does not indicate that the claimant exhibits these medical conditions at the severe level,"], AR 18 ["The claimant's credibility is weakened by the May 2010 opinion of consultative examiner Dr. Seung Ha Lim, who examined the claimant and stated that the claimant showed "poor effort" during the examination. The claimant's credibility is also weakened by the minimal evidence of medical treatment since the alleged onset date."]). See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001)("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."); Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008)("ALJ may consider many factors in weighing a claimant's credibility.").

The ALJ's determination was supported by the following evidence (see AR 16, 18-19): the opinion of Dr. Seung Ha Lim who stated that claimant showed poor effort during the examination (see 255 ["[P]atient presents pain on motion with normal range of motion of the neck and pain on motion with decreased range of motion of the back with a poor effort without any signs of radiculopathy,"]); the report of medical consultant Dr. L. Chen stating that plaintiff can lift/carry 25 pounds frequently and 50 pounds occasionally and stand/walk for six hours in an eight hour workday with appropriate break (see 273); and medical records from Watts Healthcare Center and others (see AR 217-241 [reflecting that plaintiff did not undergo any treatment at the center for her alleged debilitating conditions]).[2]

The Ninth Circuit has held that in determining a claimant's credibility, an ALJ can consider things like (1) a claimant's reputation for truthfulness; (2) inconsistencies either in her testimony or between her testimony and her conduct; (3) her daily activities; (4) her work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which she complains. Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002). Here, the ALJ explicitly considered the opinions of two physicians, Drs. Lim and Chen, in determining plaintiff's credibility. In particular, Dr. Lim found that plaintiff exhibited "poor effort" during the examination, a fact which can reasonably lead to an inference about plaintiff's overall credibility. See Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991)(ALJ entitled to use normal techniques of credibility evaluation to determine the validity of subjective complaints). He also used both of their findings in determining plaintiff's RFC.

In addition, the ALJ also cited to the minimal evidence of medical treatment for plaintiff's complaints in determining her credibility. Indeed, although Plaintiff testified

---

[2] Although the ALJ did not explicitly cite the Watts medical records as a factor in his credibility determination, he did reference plaintiff's "medical treatment" which includes the records from Watts. (See AR 19).

about the pain on her left side and reported it in detail on her disability intake form, she never was never provided additional care or referred to other physicians for additional testing. (See AR 33, 117, 132). Rather, from January 28, 2008 to March 3, 2010, during which plaintiff sought the services of Watts Healthcare Center, she was instead seen for other conditions, including a urinary tract infection, headaches, and arthritis. (AR 217-241). The fact that plaintiff was not provided additional treatment for her alleged symptoms is a permissible factor for an ALJ to consider when deciding plaintiff's credibility. See Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996)(including unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment as a factor in credibility determinations).[3] In contrast, the medical treatment history clearly shows during that time plaintiff proactively sought treatment for other medical problems, including sensitive eyes and a hand injury. (AR 281-282, 295-297).

To the extent that plaintiff's challenge rests on the contention that the ALJ did not properly conduct the second step of the two-step analysis of plaintiff's symptoms (see Plaintiff's Brief at 5), this argument must fail. In his decision, the ALJ not only specifically references the two-step process but also, as explained above, offered specific, clear and convincing reasons for doubting plaintiff's credibility. (AR 18-19). Therefore, plaintiff cannot convincingly argue that the ALJ did not engage in the second step when his opinion does so clearly and succinctly.

---

[3] The Court notes that plaintiff might argue that despite the ALJ's findings, her symptoms are supported by the objective medical treatment history because Dr. Lim noted that plaintiff uses a cane for walking. (See AR 254 ["The patient has a slow gait complaining of back pain and is using a cane for ambulation,"]). However, there is no indication in the record that the cane was prescribed to plaintiff by a physician. (See AR 255 ["[She] does not require the use of assistive devices for ambulation at this time."]). Furthermore, even if the cane were prescribed by a physician, the ALJ's conclusion is entitled to deference where evidence is susceptible to more than one rational interpretation. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

Finally, plaintiff seems to challenge the ALJ's handling of the hearing. In particular, plaintiff argues that the ALJ should have done a better job at developing the record and considering her interests, especially because she was unrepresented. (Plaintiff's Brief at 10). To support her contention, plaintiff cites to several cases, including Higbee v. Sullivan, 975 F.2d 558, 561 (9th Cir. 1992) (internal citations omitted). There, the Ninth Circuit found that because the claimant may have been prejudiced by the ALJ's failure to inquire into all of the relevant facts, the case should be remanded. Id. Higbee, however, is distinguishable from the instant case because Higbee involved an ALJ who prematurely terminated a mentally disabled claimant's hearing and then denied him benefits. Here, however, plaintiff is mentally competent, and there is no indication that the hearing was incomplete or inadequate or that plaintiff was prejudiced by the actions of the ALJ. As such, plaintiff's argument is unavailing.

## **ORDER**

For the foregoing reasons, the decision of the Commissioner is affirmed and plaintiff's Complaint is dismissed.

DATED: April 26, 2013

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE